UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE # 2:24-cv-00252-SPC-NPM

ROBERTO HERNANDEZ,

    Plaintiff,

v.

CITY OF CAPE CORAL, FLORIDA,

    Defendant,
_____/

### DEFENDANT, CITY OF CAPE CORAL'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, CITY OF CAPE CORAL ("City"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves for the entry of an order dismissing the Complaint [DE 1] filed by Plaintiff, ROBERTO HERNANDEZ ("Plaintiff"), for failure to state a claim upon which relief can be granted, and states:

**I.    Introduction**

1.    Plaintiff is the City's former City Manager. [DE 1] at ¶ 9.

2.    The City's seven-member City Council controlled Plaintiff's employment as City Manager. Section 4.01, City Code.[1]

---

[1] https://library.municode.com/fl/cape_coral/codes/code_of_ordinances?nodeId=CHTR_ARTIVGO_S4.01MACO (last visited, May 6, 2024). This Court can take judicial notice of relevant public records in deciding a motion to dismiss without converting the motion into a motion for summary judgment. See, e.g., *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir.

3.  Pursuant to Section 5.02 of the City's Code, the City Manager may be terminated by "affirmative vote of a **majority**" of the City Council.

4.  Plaintiff contends that "certain" members of the City Council "questioned" his hiring decisions and "criticized" him for allowing an in-kind donation to the City's Pride Parade in 2022. See, e.g., [DE 1] at ¶¶14-15, 25.

5.  On February 1, 2023, the City Council voted to not renew Plaintiff's employment contract, and ultimately terminated Plaintiff's employment as City Manager on February 15, 2023. [DE 1] at ¶¶ 32, 35.

6.  Plaintiff then sued the City for purported "retaliation" under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA"). [DE 1] at Counts I, II.

7.  The Complaint fails to state valid claims upon which relief can be granted.

## II. Memorandum of Law

### A. No retaliation claims (Counts I and II)[2]

In order to establish a *prima facie* case of retaliation under Title VII (and the

---

2010) (Consideration of "public records that were not subject to reasonable dispute because they were capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned" appropriate on motion to dismiss). Here, the City's Code is a public record not subject to any dispute.

[2] "Because the FCRA is based on Title VII, decisions construing Title VII apply to the analysis of FCRA claims." *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020). Counts I and II will therefore be jointly analyzed.

FCRA), a plaintiff must demonstrate that (1) he engaged in statutorily protected activity, (2) he suffered an adverse action, and (3) the adverse action was causally related to the protected activity. *Gogel v. Kia Motors Mfg. of Ga.,Inc.*, 967 F.3d 1121, 1135 (11th Cir. 2020) (en banc) (quoting *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018)).[3]

### 1. No protected activity

There are two elements to the "statutorily protected expression" requirement: (1) that the employee had "good faith, reasonable belief that the employer was engaged in unlawful employment practices" and (2) that the employee opposed those employment practices in some way. *Weeks v. Harden Mfg. Corp.,* 291 F.3d 1307, 1311 (11th Cir. 2002) (quotations and citations omitted); *Rollins v. FDLE*, 868 F.2d 397, 400 (11th Cir. 1989). As to the first element, a plaintiff must demonstrate both a subjective belief that his employer engaged in unlawful employment practices <u>and</u> that such belief was objectively reasonable. *Weeks*, 291 F.3d at 1312.

*Sub judice,* the Complaint does not sufficiently plead or otherwise delineate the statutorily protected activity Plaintiff claims to have engaged in. The Complaint supposes that "certain" Councilmembers "questioned" Plaintiff's hiring and budgetary

---

[3] For purposes of this motion, the City does not challenge the notion that the City Council's decision to not renew Plaintiff's employment contract constitutes adverse action. However, as set forth below, Plaintiff cannot otherwise establish a *prima facie* case of retaliation because the Complaint does not sufficiently plead statutorily protected activity or any causal connection between purported protected activity and the City's decision to not renew Plaintiff's employment contract.

decisions, and inflammatorily accuses some Councilmembers of being sexist, racist, and "intolerant" towards minority individuals (which is patently <u>false</u>). See, e.g., [DE 1] at ¶¶ 14-15, 22, 25.

Plaintiff only generally alleges that he "… objected and communicated that there was no place for such racial stereotyping…," "resist[ed]" alleged "discriminatory views of certain members of City Council…," and "refus[ed] to engage in discrimination…" [DE 1] at ¶¶ 21, 31, 33. The Complaint is no more specific than that. The Complaint does not specifically allege when, how, and to whom Plaintiff allegedly "objected" to or opposed claimed discrimination. No substantive factual details are otherwise alleged regarding the precise nature or substance of any claimed protected activity.[4] In the absence of this most basic factual detail, no meaningful analysis of Plaintiff's purported retaliation claims can be conducted.

---

[4] The Complaint further alleges that Plaintiff "sent a written objection" to the City on February 14, 2023, and then was terminated on February 15, 2023. [DE 1] at ¶ 34. Notwithstanding, again, the complete lack of factual detail regarding this purported "written objection," there can be no claimed retaliation premised on alleged February 14, 2023, protected activity when the City had already voted to not renew Plaintiff's contract **thirteen days prior** on February 1, 2023. [DE 1] at ¶ 32. See, e.g., *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) ("We hold that, in a retaliation case, when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation"); see also *Jean-Bart v. DVA Renal HealthCare, Inc.*, 2013 WL 12371818, at *12 (M.D. Fla. Sept. 3, 2013) (Chappell, Sheri Polster) (no retaliation where adverse employment action had already occurred before protected activity). Any purported retaliation claim cannot, as a pure matter of law, be premised on any alleged February 14, 2023, "written objection."

As the Complaint fails to sufficiently allege that Plaintiff engaged in protected activity, Counts I and II should be dismissed. *Viola v. Charlotte's Web, Inc.*, No. 2:23-CV-279-SPC-NPM, 2024 WL 1075452, at *3 (M.D. Fla. Mar. 12, 2024) (dismissing plaintiff's retaliation claim because the allegations were "bare-bones and conclusory" and otherwise "muddled… to other unspecified retaliation").

### 2. No but-for causation

"Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 570 U.S. 338, 352 (2013); *Palm Beach Cnty. School Bd. v. Wright*, 217 So.3d 163, 165 (Fla. 4th DCA 2017) (applying *Nassar* to FCRA claim). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Nassar*, 570 U.S. at 360; see also *Sims v. MVM, Inc.*, 704 F.3d 1327, 1335–36 (11th Cir. 2013) ("but-for" causation requires that the proscribed animus have a **determinative influence** on the employer's adverse decision); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (same).

*Sub judice,* the Complaint fails to establish any causal connection (let alone but-for causation) between any claimed [unidentified and otherwise unspecified] protected activity and the City Council's vote to not renew Plaintiff's employment contract on February 1, 2023. [DE 1], generally. Most fundamentally, the Complaint does not allege *who* voted to not renew Plaintiff's employment contract or whether those individual(s) even *knew* of Plaintiff's claimed protected activity at the time they voted.

In the absence of substantive factual allegations sufficient to link claimed protected activity to the City's February 1, 2023, decision (via majority vote of its City Council) to not renew Plaintiff's employment contract, Plaintiff cannot maintain *prima facie* cases of retaliation. Counts I and II should be dismissed.

### 3. No allegations of retaliatory animus

Similarly, to prevail on his retaliation claims, Plaintiff must establish that the majority of the City Council all harbored an illegal intent to retaliate against Plaintiff for engaging in purported protected activity. "There can be no municipal liability **unless all three members of the council who voted against reappointing [plaintiff] shared the illegal motive**." *Mason v. Vill. of El Portal*, 240 F.3d 1337, 1340 (11th Cir. 2001) (no municipal liability where there was no evidence that two of three council members voting against reappointing plaintiff even knew of the plaintiff's alleged protected activity) (emphasis added); *Matthews v. Columbia Cty.*, 294 F.3d 1294, 1298 (11th Cir. 2002) (even if one of three-member majority of county commission was motivated by intent to retaliate, liability does not attach to the county unless the additional two voting commissioners shared the same retaliatory animus).

Indeed, liability does not attach to a municipal defendant even if two members of a voting majority may have known about or been influenced by the third member's unconstitutional motivations under a ratification theory. *Id.* at 1298, citing to *Mason*, 240 F. 3d at 1340; see also *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1245 (11th Cir. 2016) ("Without any knowledge amongst the Board that Quigg engaged in

protected activity, Quigg cannot show that the activity caused the adverse renewal vote."), citing *Durley v. APAC, Inc.*, 236 F. 3d 651, 658 (11th Cir. 2000) (no causation can be established where there is no knowledge of protected activity).

In *Mason*, the plaintiff police chief sued the defendant village after the village council voted 3-2 not to reappoint him. 240 F.3d at 1338. The plaintiff contended that the village (its council) racially discriminated against him and violated his free speech rights. *Id*. In affirming dismissal of the plaintiff's claims, the Eleventh Circuit specifically found "… since there is no evidence that council members Ward or Ferguson [two of the three council members voting to not reappoint the plaintiff] even knew of the statements Plaintiff made at the October 13, 1995, meeting, **we cannot find that all three council members' votes not to reappoint Plaintiff were based on those statements**." *Id*. at 1341(emphasis added). The Court further held that "the alleged racially discriminatory motive of only one member of a three-member majority of a five-member council" does not give rise to municipal liability. *Id*. at 1339.

Here, as a threshold matter, again, the Complaint fails to allege which Councilmembers even knew of the [unspecified] protected activity Plaintiff claims to have engaged in when the vote to not renew Plaintiff's employment contract occurred. [DE 1], generally. The Complaint likewise does not allege which members of the City Council voted to not renew his employment contract. *Id.*

The City can only act through majority vote of its City Council. No majority vote (or any vote for that matter) is identified whatsoever within the Complaint. While

Plaintiff alludes to qualms with "certain" individual Councilmembers, no single Councilmember is the "City." In the absence of these most basic factual details, no retaliatory motive can be attributed to the City's decision to not renew Plaintiff's employment contract. Counts I and II should be dismissed.

**Local Rule 3.01(g) Certification**

Counsel for the City has conferred with Plaintiff's counsel, via email, regarding the relief sought in this Motion. Counsel for Plaintiff advised that Plaintiff objects to the Motion.

WHEREFORE, Defendant, CITY OF CAPE CORAL, respectfully requests that this Honorable Court enter an order dismissing Plaintiff, ROBERTO HERNANDEZ'S, complaint for failure to state a claim upon which relief can be granted, together with such further relief deemed just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2024, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:   */s/Christopher J. Stearns*
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
*/s/Jonathan H. Railey*
JONATHAN H. RAILEY
FLA. BAR NO. 111717
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
stearns@jambg.com
railey@jambg.com

# SERVICE LIST

**BENJAMIN YORMAK, ESQ.**
YORMAK EMPLOYMENT &
DISABILITY LAW
**Attorney for Plaintiff**
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Tel: (239) 985-9691
Fax: (239) 288-2534
yormakstaff@yormaklaw.com

**CHRISTOPHER J. STEARNS, ESQ.**
**JONATHAN H. RAILEY, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)
stearns@jambg.com
young@jambg.com
railey@jambg.com
garrido@jambg.com